UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SILVIA REGINA CARRANZA, | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 3:17-CV-325-PPS-MGG |
| v. | ) |
| AMERICAN ELECTRIC POWER OF INDIANA MICHIGAN, | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Silvia Regina Carranza, a *pro se* plaintiff, filed a complaint that from which I am unable to glean her basis of her claims. [DE 1.] Carranza seeks to proceed with this lawsuit without paying the filing fee. [DE 2.] Because she is trying to file this case free of charge, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). Section 1915(e)(2)(B) applies to prisoner and non-prisoner complaints alike, regardless of fee status. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999).

To survive dismissal, the complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009) (citing and quoting *Twombly* and *Iqbal*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 602. Thus, the plaintiff

"must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Nevertheless, I must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

In this case, Carranza's complaint does not clearly state the basis of her claims. It is unclear to me whether she is alleging that (1) the Defendant is in violation of the Bankruptcy Court's Order discharging her debt, (2) the Defendant is in violation of the Bankruptcy Court's Order Granting Motion for Reasonable Utility Deposit, (3) the Defendant is committing rate discrimination against her as a result of her bankruptcy, or (4) all or none of the above. The way the complaint is drafted, it is too muddled for me to identify what facts Carranza claims give rise to liability on the part of the Defendant. Given Carranza is *pro se* and she may have a valid claim that is lost in her explanation, I will give her a single opportunity to amend the complaint to clarify her claims. Her complaint must comply with Federal Rule of Civil Procedure 8 and contain a short a plain statement of the grounds for the Court's jurisdiction, a short and plain statement of the claim showing that she is entitled to relief, and a demand for the relief sought.

ACCORDINGLY:

The Court **GRANTS** Carranza until **June 7, 2017** to amend the complaint to clarify her claims such that I may properly screen them pursuant to 28 U.S.C. §1915(e)(2)(B). The Court **CAUTIONS** Carranza that if she does not amend her complaint by the June 7, 2017 deadline, this case may be dismissed without further notice.

**SO ORDERED**.

ENTERED: May 10, 2017.

s/ Philip P. Simon  
PHILIP P. SIMON, JUDGE  
UNITED STATES DISTRICT COURT